**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HUI QIN DENG, individually, and as Special Administratrix of the Estate of DAECHULL CHUNG,<br><br>          Plaintiff,<br><br>vs.<br><br>OFFICER MICHAEL LOEFFLER, in his individual and official capacity, OFFICER CHRISTOPHER DENNIS in his individual and official capacity, and LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>          Defendants. | 2:10-CV-00277-PMP-GWF<br><br>**ORDER** |

      Before the Court for consideration is Defendants' fully briefed Motion for Summary Judgment (Doc. #23).  Having considered the arguments presented at the hearing conducted July 11, 2011, the Court finds that Defendants' Motion for Summary Judgment should be granted in part and denied in part.

      This case arises from the tragic death of Plaintiff's decedent Daechull Chung on March 16, 2008.  At approximately 3:00 a.m. on that date, Chung, wearing only underwear and a white t-shirt, approached Brent Fisher as he returned to his apartment after work, and began asking about a woman named "Denise."  Chung was acting in a

bizarre manner, causing Fisher to feel threatened and to withdraw into his apartment where he locked the door.  Shortly thereafter, Fisher's roommate, Troy Wootton, made an emergency call to 911 to report Chung's aggressive behavior outside the door of the apartment.

Shortly after 3:00 a.m., Defendant Officer Michael Loeffler responded to a dispatch call from the Las Vegas Metropolitan Police Department ("LVMPD") reporting a suspicious person standing outside an apartment dressed only in a white t-shirt and white underwear and carrying a "stick" in his hand.  Upon arrival at the apartment complex, Officer Loeffler saw Chung, and from a distance of approximately 100 feet could see Chung's hands were behind his back holding "shiny objects." Loeffler has testified that without warning, and before Loeffler had made any statements to Chung, Chung turned around and started running directly at Officer Loeffler with his hands above his head.

Loeffler testified that Chung was "running aggressively" towards him and that he immediately felt he was in danger and called out a "Code Red" over his radio informing other officers that an emergency existed.  Loeffler then pulled his service weapon and began back-peddling away from the charging Chung.  As Chung got closer, Loeffler testified that he recognized that Chung had two knives, one in each hand, which were held above his head as he charged Loeffler.  Loeffler immediately reported to LVMPD Dispatch that "subject coming at me with a knife."  When Chung was within approximately 50 to 75 feet, he paused, at which point Loeffler issued verbal commands for Chung to "drop the knives."  Chung did not comply and after a brief pause, continued charged Officer Loeffler.  Officer Loeffler testified that he tried to dodge the charging Chung, and when he was unable to do so, he fired his weapon striking Chung in the pelvic area when Chung was approximately 5 feet away.

Loeffler testified that after being shot, Chung stayed upright for a few second

and then dropped to his left knee with his left hand on the pavement. Chung dropped the knife in his left hand, but remained in control of the knife in his right hand. By this time, Officer Dennis had arrived in his patrol vehicle and yelled commands at Chung to "Stay on the ground! Drop the knife!" According to Officer Loeffler, Chung ignored Officer Dennis' commands and attempted to stand back up posing what Officer Loeffler perceived as a threat to both he and Officer Dennis.

Officer Dennis testified that he had witnessed the encounter between Chung and Officer Loeffler as he arrived at the scene in his patrol vehicle. Dennis testified that he heard Officer Loeffler yelling for Chung to "drop the knife." Officer Dennis testified that as Chung began to rise from one knee after being shot by Officer Loeffler, Chung turned towards Officer Dennis who also yelled "drop the other knife." According to Dennis, Chung turned toward him as if he were going to "lunge" at Officer Dennis with the knife in his right hand. At this point, Officer Dennis fire two shots striking Chung in the chest and shoulder area.

When paramedic Kyle Stephens arrived, Chung was still holding a large knife in one hand. Chung died of his wounds shortly thereafter. According to LVMPD dispatch tapes, the entire episode from the time Officer Loeffler arrived on the scene at 3:12 a.m., until Officer Loeffler requested medical assistance for Chung, was 47 seconds.

An investigation by homicide detectives at the LVMPD determined that Officers Loeffler and Dennis used reasonable force in shooting Chung, and on April 25, 2008, a Coroner's Inquest rendered a verdict that the shooting of Chung was "justifiable."

By their Motion for Summary Judgment, Defendants seek judgment on Plaintiff's remaining claims made pursuant to 42 U.S.C. §1983 for use of excessive force in violation of the Fourth Amendment, depravation of due process in violation of

the Fourteenth Amendment, and Plaintiff's Monell claim against Defendant LVMPD.

The Parties have completed discovery in this case, and although the Parties elected not to depose at least one percipient witness, Brenda Griffin, and to rely instead in part on the contents of witness statements provided to police officers and testimony adduced at the Coroner's Inquest, the record is sufficient to enable the Court to determine that certain genuine issues of material fact are not seriously in dispute.

Although the Defendant Officers did not know that Plaintiff's decedent Daechull Chung was previously diagnosed as a bi-polar and schizophrenic, and was not taking medication for his condition on March 16, 2008, the record establishes that he was. The Court finds no genuine issue of material fact as to whether Chung possessed the knives described by the Defendant Officers and paramedic Kyle Stephens. He did. The Court further finds no genuine issue of material fact concerning the Defendant Officers' testimony that Chung ran toward Officer Loeffler with the knives notwithstanding verbal commands to Chung that he stop and drop the weapons. He did.

The Court finds no genuine issue of material fact is presented as to whether Officer Loeffler acted reasonably when he shot Chung when Chung was within 5 feet of Officer Loeffler with knives in each hand raised over his head. Officer Loeffler did not use excessive force or deprive Plaintiff's decedent of clearly established constitutional rights under the particular circumstances of this case. As a result, Officer Loeffler is entitled to summary judgment on all remaining claims advanced by Plaintiff.

The facts concerning the conduct of Defendant Officer Dennis are different, but only slightly. The Court views this as a very close case, but cannot find on the record adduced that no genuine issue of material fact remains as to whether the force used by Officer Dennis was reasonably necessary under the circumstances presented. In

particular, the Court concludes that the potential testimony of Brenda Griffin, should she be called as a witness, would raise factual issues which are properly decided by the finder of fact in the context of trial.

Finally, the Court finds no genuine issue of material fact remains concerning the viability of Plaintiff's Monell claims against Defendant LVMPD. There is simply no evidence Defendant LVMPD has a custom, practice or policy authorizing the use of excessive force, or that any conduct by Officer Dennis which might arguably be deemed the use of excessive force or depravation or clearly established constitutional rights of Chung, could reasonably be viewed as the product of any custom, practice or policy of Defendant LVMPD.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. #23) is **GRANTED** as to Plaintiff's remaining claims against Defendant Officer Michael Loeffler and Defendant LVMPD.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgement (Doc. #23) is **DENIED** with respect to Plaintiff's remaining claims against Defendant Officer Christopher Dennis.

DATED: July 14, 2011.

PHILIP M. PRO
United States District Judge